**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARY A. LEE,

        Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

        Defendant-Appellee.

No. 15-35630

D.C. No. 6:13-cv-00809-SB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted December 22, 2017[**]
San Francisco, California

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Mary Lee appeals the district court's decision affirming the Commissioner

of Social Security's denial of Lee's application for disability insurance benefits and

supplemental security income under Titles II and XVI of the Social Security Act.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and affirm.

Examining physician Dr. Higgins-Lee's assignment of a Global Assessment of Functioning ("GAF") score of 45 to Lee and her ultimate conclusion that Lee's psychological conditions make it impossible for her to work are contradicted by the medical opinions of nonexamining physicians Dr. Lebray, Dr. Boyd, and Dr. Lundblad.  Each of these doctors noted that Lee was still able to work because her psychological conditions only led to mild and moderate limitations.  Consistent with these findings, Dr. Lebray also assigned Lee a much higher GAF score.  Accordingly, to reject Dr. Higgins-Lee's medical opinions the administrative law judge ("ALJ") had to provide specific and legitimate reasons supported by substantial evidence.  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  The ALJ provided such reasons.

First, the contradictory medical opinions discussed above undermine Dr. Higgins-Lee's conclusion.  *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995) ("We have, in some cases, upheld the Commissioner's decision to reject the opinion of a treating or examining physician, based in part on the testimony of a nonexamining medical advisor." (citations omitted)).  Second, the ALJ notes that Dr. Higgins-Lee conducted her examination at a stressful time in Lee's life.  Lee's

2

house was being foreclosed on, she was having difficulty finding another place to rent, and her daughter was potentially going to move away from home. Whereas Lee cried throughout her examination with Dr. Higgins-Lee, Lee's demeanor throughout her Social Security hearing testimony was entirely different, leading the ALJ to conclude that Lee "returned to baseline." *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (noting that an improvement in a medical condition can be a specific and legitimate reason for rejecting a physician's medical opinion). Third, Lee's daily activities are inconsistent with Dr. Higgins-Lee's conclusion that Lee cannot work. *Ghanim*, 763 F.3d at 1162 (noting that a conflict between a medical opinion and a claimant's activities can serve as a specific and legitimate reason for rejecting the medical opinion). Lee stated that she does the dishes, occasionally does the wash and drying, sometimes cooks dinner and does the shopping, helps with the garden, watches TV, uses her computer, and volunteers at the Moose Club on Wednesday nights to call bingo.

Lee's arguments that the ALJ erred by not specifically discussing both specific medical test results from Dr. Higgins-Lee's examination and Dr. Higgins-Lee's ultimate conclusion that Lee could not work also fail. The ALJ specifically rejected the GAF score—a rating of Lee's *overall* psychological functioning—that Dr. Higgins-Lee assigned Lee. *See* Social Security Disability Law & Procedure in

3

Federal Court § 5:30 (Carolyn A. Kubitschek & Jon C. Dubin, eds., 2017). After rejecting the GAF score, the ALJ did not need to reject each individual psychological test result that Dr. Higgins-Lee relied on when assigning Lee's GAF. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (noting that an ALJ does not need to discuss evidence "that is neither significant nor probative"). Specifically rejecting Dr. Higgins-Lee's ultimate conclusion that Lee was unable to work was also unnecessary because this conclusion followed directly from the ALJ's rejection of the GAF score. *See* Social Security Disability Law & Procedure in Federal Court § 5:30 (noting that a common manifestation of a GAF score of 45 is not being able to keep a job).

Treating physician Dr. Pinsonneault's conclusion that Lee could not work because her asthma prevents her from lifting or carrying items and walking more than thirty minutes, and her mental conditions significantly interfere with her concentration and social abilities is contradicted. Nonexamining physicians Dr. Alley, Dr. Pritchard, and Dr. Eder all conclude that Lee can carry or lift objects, and stand and/or walk about six hours in a workday. Nonexamining physicians Dr. Lebray and Dr. Boyd conclude that Lee has mild difficulties in maintaining concentration, persistence, or pace and moderate difficulties in social functioning. Because Dr. Pinsonneault's opinions regarding the limitations resulting from Lee's

4

medical conditions are contradicted, Dr. Pinsonneault's derivative conclusion that Lee is unable to work is contradicted. The ALJ provides the required specific and legitimate reasons supported by substantial evidence to reject Dr. Pinsonneault's opinions.

First, the conflicting medical opinions discussed above undermine Dr. Pinsonneault's opinions. *Lester*, 81 F.3d at 831. Second, the ALJ notes that Dr. Pinsonneault's conclusions are "unsupported by medically acceptable clinical and laboratory diagnostic techniques." Dr. Pinsonneault wrote an initial letter expressing her opinion that Lee was permanently disabled after a single appointment that included minimal objective medical testing. Then, barely three weeks into the patient-physician relationship and after only the second appointment, which included a discussion of Lee's blood work, Dr. Pinsonneault wrote a second letter reaching the same conclusion. The minimal objective evidence supporting Dr. Pinsonneault's opinions and the brevity of the patient-physician relationship justify discounting these opinions. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("[W]hen evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings."). Finally, the ALJ notes that Dr. Pinsonneault's opinion is internally contradictory because she concludes Lee is

5

permanently disabled but notes that Lee's conditions are well controlled on medication. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692–93 (9th Cir. 2009). A finding that symptoms are well controlled on medications is not necessarily inconsistent with a finding of disability. However, the record here indicates that when Lee's conditions are well controlled, she is able to work.

The ALJ provides specific, clear, and convincing reasons for rejecting Lee's hearing testimony. First, the ALJ's extensive discussion of the medical record reveals that many medical opinions conflict with Lee's testimony regarding the severity of her symptoms. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Second, Lee continued working at substantial gainful employment levels for over a year after the alleged onset of her disability. Third, Lee's various daily activities discussed above undermine her credibility regarding the intensity of her pain and limitations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). Finally, the ALJ notes that Lee's multiple failures to follow a prescribed course of treatment undermine her credibility. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citing *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)).

Because lay witness Margaret Hicks's testimony is largely consistent with Lee's testimony, the same reasons for rejecting Lee's testimony justify rejection of Hick's testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012).

Finally, the ALJ did not err at step five. The ALJ was only required to incorporate the accepted medical evidence into the residual functional capacity, and he did just that. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). Moreover, the ALJ accounted for his finding that Lee had moderate difficulties in concentration, persistence, or pace by limiting Lee to "simple repetitive tasks" because this limitation accorded with the restrictions discussed in the medical record. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

**AFFIRMED.**